837 F.2d 1097
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re Henry K.H. KWAN, Appellant.
 No. 87-1397.
 United States Court of Appeals, Federal Circuit.
 Dec. 22, 1987.
 
 Before BISSELL, Circuit Judge, NICHOLS, Senior Circuit Judge, and MAYER, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 The decision of the Board of Appeals of the United States Patent and Trademark Office (Board,) sustaining the rejection under 35 U.S.C. Sec. 103 of all claims of patent application serial number 515,078 is affirmed.
 
 OPINION
 
 2
 A. The claimed invention is drawn "to a lyophilized [freeze-dried] pharmaceutical composition comprising beta type interferon, a buffer system and a stabilizer, either glycine or alanine, and to a method of preparing the composition." The formulations of the claimed invention are useful in the preparation of nasal sprays and solutions which contain beta interferon as the active ingredient. The stability of the compositions of the claimed invention is derived from the incorporation of small amounts of the amino acids glycine or alanine before lyophilization. Before they are administered, these dry, solid state compositions are combined with water to form liquid state compositions.
 
 
 3
 All claims of Kwan's application were rejected by the Patent and Trademark Office (PTO) examiner under section 103 as unpatentable over Billiau et al. and Sedmak et al. in view of United States Patent No. 2,806,815 (Singher), Great Britain Patent Nos. 866.423 and 900,115, and Japanese Patent Public Disclosure No. 102519/80. The Board affirmed the examiner's rejection, stating that, although Billiau was the least pertinent reference because it related to a different type of process, the combined teachings of Sedmak, Singher, and Great Britain I and II were sufficient to establish a prima facie case of obviousness.
 
 
 4
 B. The Board was correct that the claimed invention would have been obvious to one of ordinary skill in the art. See Stratoflex, Inc. v. Aeroquip Corp., 713 F.2d 1530, 1535, 218 USPQ 871, 876 (Fed.Cir.1983). The prior art teaches that the stability of lyophilized interferons is a recognized problem and that stability can be attained through the use of certain chemical additives. According to Sedmak:
 
 
 5
 The stability of interferons ... has proved to be a greater problem than was appreciated from early observations .... It is now realized that interferons in solution can be inactivated by a variety of physical and chemical treatments, but a degree of stability can be provided by means of certain additives.
 
 
 6
 J. Sedmak, P. Jameson & S. Grossberg, 78 Methods in Enzymology 591 (1981).
 
 
 7
 The prior art used stabilizers for interferon different from those disclosed in the claimed invention, but Singher and Great Britain I and II teach that the claimed stabilizers, such as glycine, can stabilize at least three different proteins. In view of this, the claimed stabilizers would be expected to stabilize other proteins such as interferon. This teaching is strengthened by the fact that the claimed stabilizers are amino acids and Japan teaches the use of other amino acids as stabilizers for interferon.
 
 
 8
 Kwan's principal argument on appeal is that the teachings in Singher and Great Britain I and II of protection stabilization in solution are not properly combinable with the teachings of Sedmak and Japan of protein stabilization in the solid state. According to Kwan, "The arts of solution and solid state protein stabilization are simply not related and are not proper for combination."
 
 
 9
 Because stabilization is less difficult in the solid state, one of ordinary skill in the art might be dissuaded from using a known solid state stabilizer in the less stable solution. Here, however, a stabilizer recognized as effective in solution was used to stabilize in the solid state. The effectiveness of the claimed stabilizers in the less stable solution state would suggest their use in the more stable solid state. Contrary to Kwan's assertions, therefore, the Board did not err in combining the teachings of solid and solution state stabilization in reaching its determination that the claimed invention would have been obvious to one of ordinary skill in the art.
 
 
 10
 Kwan also argues that "the Board failed to take into account Billiau's negative teachings regarding the invention." He asserts that Billiau teaches away from the claimed invention by disclosing that interferon contained in a glycine-hydrochloride buffer at pH 2 is unsuitable for lyophilization. Billiau does not teach that glycine renders lyophilization impossible, however, only that glycine-hydrochloride at pH 2 makes lyophilization unsuitable. Because glycine is taught by Singher and Great Britain I and II as an effective stabilizer at a pH higher than 2, one skilled in the art would not necessarily be dissuaded from using glycine, as opposed to glycine-hydrochloride at pH 2, to stabilize interferon.
 
 
 11
 Kwan's remaining arguments are without merit.